IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY
CAMDEN VICINAGE

| | | |
|---|---|---|
| UNITED STATES | : | Crim. No. 20-877 (RBK) |
| v. | : | |
| BENJAMIN DAYE | : | **OPINION** |

**KUGLER**, United States District Judge:

This matter is before the Court on pro se Petitioner Benjamin Daye's request to receive transcripts of court proceedings to assist him in filing a 2255 habeas petition (ECF No. 35) and motion to proceed in forma pauperis ("IFP") (ECF No. 36). Pursuant to 28 U.S.C. 753(f), the Court must first determine if Petitioner is eligible for IFP status. The Court may then review Petitioner's motion to certify that the underlying suit or appeal is not frivolous, and that the transcripts are needed to decide the issue presented by the suit or appeal. The Court finds that because of deficiencies in Petitioner's motion, the Court is unable to determine whether Plaintiff may proceed IFP, and that Petitioner has failed to allege the factual or legal basis for his claim to relief under 2255. Therefore, Petitioner's request for transcripts to assist him in filing a 2255 petition and motion to proceed IFP are **DENIED.**

### I. BACKGROUND

In October 2020, Petitioner pleaded guilty to a two-count information, which charged him with (1) robbery, in violation of 18 U.S.C. § 1951(a) and (2) brandishing a firearm during and in relation to a crime of violence, in violation of 18 U.S.C. § 924(c)(I)(A)(iii). This Court entered judgment and sentenced Petitioner to 57 months imprisonment on Count 1 and 84

months on Count 2, for a total of 141 months imprisonment. Petitioner did not appeal. Petitioner now indicates that he would like to file a petition under 28 U.S.C. § 2255 or 28 U.S.C. § 2241 and requests transcripts from the underlying proceedings to support his petition.

## II. DISCUSSION

Federal statutory law controls the provision of free transcripts to indigent defendants:

> Fees for transcripts furnished in proceedings brought under section 2255 of this title *to persons permitted to sue or appeal in forma pauperis* shall be paid by the United States out of money appropriated for that purpose *if the trial judge or a circuit judge certifies that the suit or appeal is not frivolous and that the transcript is needed to decide the issue presented by the suit or appeal.*

28 U.S.C. 753(f) (emphases added). Pursuant to 753(f), the Court must first determine whether Petitioner is eligible for IFP status. *See id.*; *see also Walker v. People Express Airlines, Inc.,* 886 F.2d 598, 600 (3d Cir.1989) (citations omitted). Then, the Court may review Petitioner's motion to determine whether or not the suit for which he is requesting transcripts is frivolous, and whether or not furnishing transcripts free of cost is necessary to decide Petitioner's suit. 28 U.S.C. 753(f); *Walker,* 886 F.2d at 600.

In determining the sufficiency of a pro se complaint, the Court must be mindful to construe it liberally in favor of the plaintiff. *See Erickson v. Pardus,* 551 U.S. 89, 93–94 (2007); *see also United States v. Day,* 969 F.2d 39, 42 (3d Cir.1992). The Court must "accept as true all of the allegations in the complaint and all reasonable inferences that can be drawn therefrom, and view them in the light most favorable to the plaintiff." *Morse v. Lower Merion School Dist.,* 132 F.3d 902, 906 (3d Cir.1997). The Court need not, however, credit a pro se plaintiff's "bald assertions" or "legal conclusions." *Id.*

### A. IFP Status

The Third Circuit has recognized that "[b]y its express terms, 753(f) allows litigants to receive transcripts at public expense only if they are proceeding in forma pauperis[.]"

*Walker,* 886 F.2d at 600. The Third Circuit also noted that "petition[s] asking for leave to forego a sum certain must be accompanied by an affidavit bearing particularized information with regard to the party's financial status." *Walker,* 886 F.2d at 602 n. 5. "This requirement parallels 28 U.S.C.1915, which concerns [IFP] applications and provides standards for judging an applicant's qualifications." *Dawley v. Estate of Harris,* No. 04–2140, 2005 U.S. Dist. LEXIS 411, at *10–12, 2005 WL 67078 (E.D.Pa. Jan. 11, 2005) (citing 28 U.S.C.1915).

Here, Petitioner submitted a letter Application to Proceed In Forma Pauperis. (ECF No. 36). The letter states the Petitioner "swears" that he is presently unemployed, has not been employed in ten years, and hasn't received any money from any source in the last twelve months. (*Id.*). He also indicates that he does not have any cash beyond what is in his prison account balance and references an "attached account statement" as evidence of the amount in his prison account. However, the account statement was not attached. Because Petitioner fails to present sufficient support for his alleged inability to pay, the Court denies Petitioner permission to proceed IFP.

**B. Furnishing Transcripts Free of Cost**

Even if Petitioner was permitted to proceed IFP, his application for free transcripts fails to satisfy the substantive standards of 753(f). Section 753(f) expressly states that transcripts may be "furnished in proceedings brought under [ ] 2255 ... [or] in other proceedings." 28 U.S.C. 753(f). However, "[ ] 753(f) prevents the situation in which an indigent prisoner obtains a free transcript merely 'to search for error in an attempt to generate a basis for collaterally attacking a conviction.' " *Fadayiro v. United States,* 30 F.Supp.2d 772 (D.N.J.1998) (quoting *United States v. Marias,* No. 92–256–2, 1995 WL 221353, at *1 (E.D.Pa. Apr.13, 1995); *see also Oliver v. Zimmerman,* 720 F.2d 766, 771 (3d Cir.1983). Section 753(f) "requires that the trial judge

determine that the appeal by a person 'permitted to appeal in forma pauperis . . . is not frivolous' and that it 'presents a substantial question.'" *Hussain,* 2011 U.S. Dist. LEXIS 35678, at *4, 2011 WL 1322264 (quoting *Knutson v. Price,* 410 B.R. 51, 59 (Bankr.E.D.Cal.2009)).

Petitioner's motion fails for two reasons. First, no proceeding exists. Petitioner has merely stated his intention to file a 2255 habeas petition. Petitioner's request for the transcripts simply states that Petitioner is "seeking relief through a 2255 and or a 2241." (ECF No. 35). Second, Petitioner does not present the Court with any questions of fact or law that provide a basis for his impending 2255 or 2241 petition. Therefore, the Court is unable to determine if transcripts are in fact necessary to aid Petitioner in filing a 2255 or 2241 motion. Accordingly, Petitioner's motion to obtain transcripts free of cost does not meet any of the requirements outlined in 753(f).

### III. CONCLUSION

For the reasons stated above, Petitioner's motion to receive transcripts free of cost is **DENIED.** An appropriate Order shall issue.

Dated: 2/1/2023                                             /s/ Robert B. Kugler
                                                                    ROBERT B. KUGLER
                                                                    United States District Judge

4